T.C. Memo. 2004-161

UNITED STATES TAX COURT

EDWARD D. HAMILTON AND YOLONDA B. HAMILTON, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8352-03.                    Filed July 12, 2004.

Edward D. Hamilton and Yolonda B. Hamilton, pro sese.

Angelique M. Neal, for respondent.

MEMORANDUM OPINION

LARO, Judge:  This case is before the Court for decision
without trial.  See Rule 122.[1]  Petitioners petitioned the Court
to redetermine an $8,793 deficiency in their 2000 Federal income

_____

[1] Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the applicable versions of
the Internal Revenue Code.

tax.  We decide whether petitioners' lottery winnings are includable in their adjusted gross income for purposes of applying the $25,000 offset of section 469(i).  We hold they are.[2]

## Background

The facts in this background section are obtained from the parties' stipulation of facts and the exhibits submitted therewith.  Petitioners resided in Los Angeles, California, when their petition was filed.

Petitioners filed a joint 2000 Form 1040, U.S. Individual Income Tax Return.  They reported on that return the following items of income (loss) which they realized during 2000:

| | |
|---|---:|
| Wages | $118,053 |
| Interest | 4,731 |
| Refunds | 872 |
| Rental real estate | (22,300) |
| California State lottery winnings | 136,041 |
| Total income | 237,397 |

The rental real estate is a "passive activity", sec. 469(c)(2), in which petitioners actively participated.

## Discussion

Respondent determined that the phase-out rules of section 469(i)(3) preclude petitioners from currently deducting any of their rental real estate loss.  Under that section, individual taxpayers such as petitioners who actively participate in a

---

[2] We decide this case on its merits and without regard to which party bears the burden of proof.

rental real estate activity and who may otherwise deduct up to $25,000 of a rental real estate loss, see sec. 469(i)(1) and (2), must reduce that $25,000 figure by 50 percent of the amount by which their adjusted gross income exceeds $100,000, see sec. 469(i)(3). We understand petitioners to be making three arguments in support of their claim that respondent's determination is wrong. First, petitioners argue that their lottery winnings are not includable in their 2000 gross income because they are neither professional nor part-time gamblers. Second, petitioners argue that their lottery winnings are not includable in their adjusted gross income for purposes of section 469(i)(3). Third, petitioners argue that, if their first two arguments are wrong, the Court should recognize that they are in a tight financial bind and apply equitable principles to allow them to deduct at least half of their rental real estate loss.

We disagree with petitioners' first argument that their 2000 gross income does not include their lottery winnings. The wide reach of section 61(a) brings within a taxpayer's gross income all accessions to wealth, United States v. Burke, 504 U.S. 229, 233 (1992), and an accession to wealth on account of gambling winnings is no exception, see, e.g., Lyszkowski v. Commissioner, T.C. Memo. 1995-235 (and cases cited therein), affd. without published opinion 79 F.3d 1138 (3d Cir. 1996). Contrary to petitioners' claim, an accession to wealth on account of gambling

winnings is includable in an individual taxpayer's gross income whether he or she is a professional gambler, a part-time gambler, or simply a onetime gambler.  Id.

Nor do we agree with petitioners' second argument that their adjusted gross income under section 469(i)(3) does not include their lottery winnings.  For purposes of the income tax provisions of the Internal Revenue Code, the term "adjusted gross income" is defined by section 62 as gross income less certain enumerated deductions, none of which is relevant here.  While section 469(i)(3)(F) also enumerates certain other adjustments which affect that term for purposes of section 469(i)(3), all of those enumerated adjustments are inapplicable as well.

We conclude that petitioners' lottery winnings are includable in their adjusted gross income for purposes of section 469(i)(3).  Although petitioners as a third argument essentially invite this Court to apply some principle of equity to arrive at a contrary result, we decline to do so.  This Court is not authorized to ignore such a clear expression of Congress' intent as applies here.  Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 578 (7th Cir. 1999).

All arguments for a contrary holding have been considered, and those arguments not discussed herein have been found to be without merit.  Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.